# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DELORA LANNING,**         CASE NO. 5:20 CV 1676

    Plaintiff,

    v.         JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.         **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Delora Lanning seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Clay recommends this Court affirm the Commissioner's final decision. (Doc. 20). Plaintiff filed objections to the R&R (Doc. 21), and the Commissioner filed a response thereto (Doc. 22). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in late 2017 alleging a disability onset date of March 10, 2017. (Tr. 271, 273). Following denials on initial review and reconsideration (Tr. 110-73), Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on June 14, 2019 (Tr. 52-94). On August 16, 2019, the ALJ found Plaintiff not disabled in a written decision. (Tr. 30-44). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final

decision of the Commissioner. (Tr. 1-7). Plaintiff timely filed the instant action on July 29, 2020. (Doc. 1).

In her opening brief (Doc. 15), Plaintiff raised three arguments regarding to the ALJ's decision. First, she argued the ALJ erred by at least partially discounting all medical opinions of record and therefore substituting his own opinion in the RFC, or "playing doctor". Second, she argued the ALJ improperly discredited Plaintiff due to an improper evaluation of her activities of daily living. And third, she asserted the ALJ failed to properly define the sit-stand option in the RFC, which resulted in a faulty RFC determination and a failure to meet the Step Five Burden. (Doc. 15).

In his R&R, Judge Clay concluded the ALJ: (1) properly considered the medical opinions of record; (2) appropriately considered Plaintiff's testimony; and (3) sufficiently defined the sit-stand option. (Doc. 20). He therefore recommends the Court affirm the Commissioner's decision. *See id.*

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). The substantial evidence

standard, while requiring "more than a mere scintilla" of evidence, is not a high bar; substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148 (2019) (internal quotation and citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION

Plaintiff objects to the R&R. She first specifically contends the R&R understated the limitations opined by Drs. Stokes and Dallara and erred in finding the ALJ did not "play doctor" when he formulated the RFC. She further generally argues an ALJ errs when he "rejects a claimant's allegations of disability despite medical records showing consistent abnormalities at countless appointments"; the ALJ's "mischaracterization of the evidence tainted his Decision", and "[h]ad the ALJ completely and accurately reviewed the evidence, the RFC determination and the result of this case could have been different." (Doc. 21, at 4-5).

Opinion Evidence

Plaintiff contends the R&R "greatly understated the limitations opined by Dr. Stokes and Dr. Dallara". (Doc. 21, at 2).

As to Dr. Stokes, the only differences between the R&R's factual summary of the opinion and Plaintiff's summary thereof are the omission of Dr. Stokes's opinions that Plaintiff: (1) could only stand and walk for one to two hours in an eight-hour workday; (2) had postural restrictions (never climb, balance or crawl), and (3) could only use her hands for 50 percent of an eight-hour

3

workday. *Compare* Doc. 20, at 22 *with* Doc. 21, at 1-2.[1] This Court finds any such differences do not impact the R&R's analysis that the ALJ did not err in his evaluation of this opinion.

The ALJ explained he found the severity of Dr. Stokes's opinion inconsistent with the record, and unsupported by his own examinations and justification for the opinion; he therefore found the opinion "not persuasive". (Tr. 40-41). This explanation followed the relevant regulation's requirement that an ALJ articulate how "persuasive" he finds a medical opinion, considering various factors, the "most important" of which are supportability and consistency. 20 C.F.R. §§ 404.1520c(a); *see also* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."); 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."). The ALJ specifically explained the severity of Dr. Stokes's opinion was inconsistent with his own most recent examination findings, which the ALJ described as "benign". (Tr. 40)[2] (citing Tr. 643 (October 2017 examination with unremarkable back and lung findings, but some decreased arm range of motion); Tr. 1177 (January 2018 examination with "normal" extremities, and rhonchi, but no wheezes on lung examination); Tr. 1411 (July 2018 examination with normal lung findings and no musculoskeletal findings)). He further noted "the basis for some of his limitations is disconcerting, to say the least, as he has reported the need for manipulative

---

1. The R&R addressed the hand limitation – and the ALJ's treatment thereof – specifically later in its analysis. *See* Doc. 20, at. 19.
2. The ALJ described these examinations as "entirely benign" (Tr. 40), which is not precisely accurate. However, "judicial review does not contemplate a quest for administrative perfection." *Hill v. Astrue*, 2013 WL 3293657, at *4 (W.D. Ky.) (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)). And it is clear from context that the ALJ found Dr. Stokes's opinion varied too much in degree from his own examination findings to be supported.

limitations based on the claimant's COPD." (Tr. 40) (citing Tr. 1676). The Court agrees with the R&R, therefore, that the ALJ thoroughly analyzed the medical evidence of record and articulated why Dr. Stokes's opinion was not consistent with his own treatment notes, or the remainder of the record.

Plaintiff further objects to the R&R's factual description of Dr. Dallara's opinion. (Doc. 21, at 2) (citing Doc. 20, at 13). She contends the R&R failed to describe Dr. Dallara's opinion that Plaintiff "may have some difficulties relating to others including fellow workers and supervisors" due to her depression and anxiety. (Tr. 1297). However, the R&R did specifically cite these difficulties in its analysis, and cited the ALJ's supported reasoning that such an opinion was unpersuasive due to its vagueness. (Doc. 20, at 18-19). The Court finds no error. The use of equivocal rather than definitive language such as "some" and "may" is valid reason to discount opinion evidence. *See Graham v. Comm'r of Soc. Sec.*, 2019 WL 4451366, at *5 (N.D. Ohio) (finding no error where ALJ failed to explain why he did not adopt specific limitations because, *inter alia*, the at-issue limitations "were not definitive as they indicated that Plaintiff 'may require some repetition' as to instructions and 'may' need assistance in making independent decisions regarding work goals"); *Slivka v. Berryhill*, 2018 WL 3340388, at *9 (N.D. Ohio), *report and recommendation adopted*, 2018 WL 3336461 ("To treat the possible limitations floated by Dr. Matyi as an affirmative finding that such limitations are mandated would improperly alter the contents of the medical source's opinion."); *Mosley v. Berryhill*, 2017 WL 1153896, at *10 (M.D. Tenn.) (an assessment of "difficulty" with an activity "does not constitute a definitive functional limitation that the ALJ was required to incorporate into the RFC"); *see also, e.g.*, *Rouse v. Comm'r of Soc. Sec.*, 2017 WL 1102684, at *4 (N.D. Ohio) (holding that "the vague nature of [an] opinion in general" is a valid reason for discounting).

5

Furthermore, the ALJ's RFC is arguably consistent with Dr. Dallara's opinion in this regard, as it included "no more than frequent contact with supervisors, co-workers and the public". (Tr. 35-36). Such a restriction can certainly be read to encompass the "some difficulties relating to others" opined by Dr. Dallara.

The Court finds the ALJ's analysis of the opinion evidence followed the correct legal standards and is supported by substantial evidence. It therefore adopts the R&R's analysis thereof, and overrules Plaintiff's objections in this regard.

In conjunction, Plaintiff contends the R&R was incorrect to conclude the ALJ did not "play doctor" when he formulated an RFC after "reject[ing] to some extent every medical opinion in the record". (Doc. 21, at 2). The Court disagrees. "[T]he *ALJ* is charged with the responsibility of determining the RFC based on *her* evaluation of the medical and non-medical evidence." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (emphasis added). An RFC is an "administrative finding," and the final responsibility for determining an individual's RFC is reserved to the Commissioner. SSR 96-5p, 1996 WL 374183, at * 1–2. "[T]o require the ALJ to base her RFC on a physician's opinion, would, in effect, confer upon the [physician] the authority to make the determination or decision about whether an individual is under a disability." *Rudd*, 531 F. App'x at 728. The Sixth Circuit has specifically "rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ." *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401-02 (6th Cir. 2018) (rejecting the argument that "once the ALJ decided to give no weight to the physicians' opinions regarding his ability to work, the ALJ was required to get the opinion of another physician before setting the residual functional capacity" where he "undertook a laborious evaluation of the medical record when determining the residual functional capacity,

6

and substantial evidence supports the ALJ's conclusions."); *see also Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019) ("No bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached.").

And, as the R&R explains (Doc. 20, at 20), although the ALJ explained he found several opinions "partially persuasive" or "not persuasive", his RFC was based upon the record as a whole, and incorporated many of the restrictions from the medical opinions into his ultimate RFC. The Court therefore overrules Plaintiff's objections on this point.

Other Arguments

As to Plaintiff's other arguments, this Court finds they lack the specificity required to trigger *de novo* review of the R&R. To trigger *de novo* review, objections to the R&R must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

In her objections Plaintiff argues generally the ALJ erred in evaluating her subjective symptoms, and mischaracterized the record, resulting in an inaccurate RFC. But this objection is insufficient to trigger *de novo review* as it simply repeats, in general fashion, the argument presented to – and rejected by – the Magistrate Judge. *See Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018) ("A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not

sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review."); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

These general objections are simply broad restatements of the same arguments made to Judge Clay. *See* Doc. 15, at 20-25. Such general objections trigger only clear-error review. *EEOC v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018). The Court has reviewed the R&R and finds no clear error.

### CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Clay's R&R (Doc. 20) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

           s/ *James R. Knepp II*
           UNITED STATES DISTRICT JUDGE